NO. 07-08-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2009

______________________________


CLIFTON WAYNE HARDEN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,244-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


CONCURRING OPINION


          I agree with the result reached by the majority, and I applaud the decision to
address Appellant’s issues as presented, however, I write separately to express my opinion
that Appellant’s general premise is incorrect and, therefore, the trial court did not give an
incorrect admonishment as to the possible range of punishment. 
          Appellant, Clifton Wayne Harden, Jr., was indicted for the offense of possession of
a controlled substance, to-wit: cocaine, in an amount of less than one gram.


 In addition
to the primary offense, the indictment alleged Appellant had previously been convicted of
the second degree felony offense of aggravated assault in cause number 31,597-B, in the
181st District Court of Potter County, Texas, on November 9, 1992.


 The indictment further
alleged that, before the commission of the primary offense and after the conviction in
cause number 31,597-B became final, Appellant was previously convicted of the second
degree felony offense of possession of a controlled substance in cause number 39,360-A,
in the 47th District Court of Potter County, Texas, on November 16, 1998.



          Appellant contends that because the primary offense in cause number 39,360-A
was for a state jail felony offense it could not be used to enhance the primary offense in
this cause to a second degree felony. Appellant is incorrect. If it is shown on the trial of
a state jail felony punishable under section 12.35(a) that the defendant has previously
been finally convicted of two felonies, and the second previous felony is for an offense that
occurred subsequent to the first previous conviction having become final, on conviction of
the primary offense the defendant shall be punished for a second degree felony. See Tex.
Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2008). 
          The offense charged in cause number 39,360-A was not a “non-aggravated state
jail felony“ punishable under Texas Penal Code § 12.35(a); but was, instead, a state jail
felony punishable as a second degree felony under § 12.42(a)(2). In that cause number,
Appellant was convicted of the state jail felony offense of possession of a controlled
substance (primary offense), and it was both alleged and shown that he had previously
been finally convicted of two felonies (cause numbers 3447 and 31,597-B), and the second
previous felony (aggravated assault, cause number 31,597-B) being for an offense that
occurred subsequent to the first previous conviction (rape, cause number 3447) having
become final. As such, Appellant was convicted of a second degree felony offense in
cause number 39,360-A.
           Here, Appellant was convicted of the state jail felony offense of possession of a
controlled substance (primary offense), and it was both alleged and shown that he had
previously been finally convicted of two felonies (cause numbers 31,597-B and 39,360-A),
and the second previous felony (cause number 39,360-A) being for an offense that
occurred subsequent to the first previous conviction (cause number 31,597-B) having
become final. As such, upon conviction, Appellant was subject to being punished for a
second degree felony. See Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2008).
          Accordingly, the trial court did not err in admonishing Appellant as to the potential
range of punishment.
 
                                                                                      Patrick A. Pirtle

                                                                                            Justice



Do not publish.